## In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.

## In re PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD COMPANY, Secondary Debtor.

### Nos. 70–347, 70–347–K.

United States District Court, E. D. Pennsylvania.

March 4, 1976.

---

James E. Howard, Philadelphia, Pa., for the trustees, PCTC.

William H. Ewing, Goodman & Ewing, Philadelphia, Pa., for the trustee, Philadelphia, Baltimore & Washington RR Co.

Edwin J. McDermott, Philadelphia, Pa., for David P. Trainer.

James D. Coleman, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for Girard Trust Bank.

Michael Temin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for First Pa. Bank.

Re: Petition of Trustees for an Order Enjoining David P. Trainer from Proceeding with Pending Litigation in the Court of Claims

## ORDER NOS. 2241, 110.

FULLAM, District Judge.

On April 2, 1975, one David Trainer filed an action in the Court of Claims, purportedly on behalf of himself and all other bondholders of the Philadelphia, Baltimore and Washington Railroad Company and the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company a predecessor of PB&W, seeking to recover $96,261,000, plus interest, from the United States on the theory that the United States has perpetrated an uncompensated taking of the petitioner's property by requiring the PB&W and Penn Central Transportation Company to continue deficit rail operations.

The Trustees of the Debtor and of the Secondary Debtor have petitioned this Court to enjoin Mr. Trainer from proceeding with that litigation.

Actions such as those being pursued by Mr. Trainer are specifically prohibited in

the Trust Indenture. It is apparent from the pleadings and briefs filed in this Court that neither Mr. Trainer nor his counsel have an accurate perception of the issues involved. It also seems clear that prosecution of the action in the Court of Claims to a successful conclusion (unlikely as that may now seem) would inevitably affect the proper treatment of the claims of the bondholders in the reorganization plan. But, as I understand the opinion of the Court of Appeals in *In re Penn Central Trans. Co., Appeal of Penn Central Co.,* 520 F.2d 1388 (3 Cir. 1975), none of these factors, alone or in combination, provides justification for injunctive interference by a reorganization court. The merits of the Court of Claims action are for the Court of Claims to decide, and the possibility that the magnitude of a claimant's entitlement under a plan of reorganization may be affected by recovery in the Court of Claims from sources other than the Debtor's estate is a circumstance beyond the control of the Reorganization Court.

In the cited case, it was held that this Court erred in attempting to enjoin stockholders from pressing a claim in the Court of Claims for the diminution in the value of their stock, allegedly caused by unconstitutional erosion of the assets of the Debtor's estate because of forced continuation of deficit rail service. The present case does differ in some respects. Here, the precise nature of the claims being asserted in the Court of Claims is a matter of conjecture. Judgment is sought against the United States for the face value of the bonds. There appear to be three possible theories of recovery: (1) The Government should pay off the bonds; (2) unconstitutional erosion has reduced the value of the bonds by that amount; or (3) the bondholders are entitled to recover on the bonds from the assets securing them, but the assets have been reduced in value unconstitutionally. Proceeding under the third of these theories would obviously be contrary to the provisions of Order No. 1, and properly enjoinable by this Court either as (a) attempting to enforce a lien against the Debtor's estate, or (b) attempting to appropriate and realize upon a cause of action owned by the Trustees, namely, a claim for the allegedly unconstitutional erosion of the assets of the Debtor's estate. But I construe the Third Circuit Opinion as precluding this Court from restraining Mr. Trainer from proceeding under either or both of the first two theories, however "chimerical" they may seem. (*Ibid,* at p. 1392.)

I have concluded, therefore, that injunctive relief should be limited to barring Mr. Trainer from attempting to obtain in the Court of Claims enforcement of liens against the Debtor's assets, and from pursuing any cause of action belonging to the Trustees. I recognize that the Trustees may find it necessary to monitor the Court of Claims litigation in some fashion, so as to insure compliance with this limitation. In the unlikely event that Mr. Trainer's efforts should prompt other potential claimants to follow a similar course of action, and if for that reason or other reasons not now foreseen, excessive burdens upon the limited post-conveyance resources of the Trustees are threatened, further application may be made to this Court for appropriate relief.