In the Matter of VIGILANT PROTEC-
TIVE SYSTEMS, INC., Debtor.

No. 71 B 729.

United States District Court,
S. D. New York.

Nov. 3, 1971.

Leinwand, Maron, Hendler & Krause,
by Stanley B. Hendler, New York City,
for debtor.

Louis J. Lefkowitz, Atty. Gen. of New
York, by Stephen P. Seligman, Asst.
Atty. Gen., New York City, for Justice
Edward Thompson, Justice of the Su-
preme Court of the State of New York
and Administrative Judge of the Civil
Court of the City of New York.

Whitney North Seymour, Jr., U. S.
Atty., by Patricia M. Hynes, Asst. U. S.
Atty., for the Southern District of New
York.

GURFEIN, District Judge.

The movant is the debtor in posses-
sion under Chapter XI of the Bankrupt-
cy Act. The petition for an arrange-
ment is under the supervision of Referee
Babbitt. The movant, who will also be
referred to as the debtor, moves to
stay certain actions taken by Honorable
Edward Thompson, Justice of the Su-
preme Court and Administrative Judge
of the City Court of the City of New
York. Specifically, it seeks to declare
null and void and to vacate the order of
administrative hearing and order to
show cause signed by Mr. Justice
Thompson on October 14, 1971 and to
restrain him from proceeding with an
administrative hearing directed to be
held on October 27, 1971 and denying
every item of relief sought in the notice
of administrative hearing and order to
show cause granted by Mr. Justice
Thompson. It also seeks the right to
continue to proceed with the collection
of its accounts receivable which are in
default. The administrative order under
attack was made by the Administrative
Judge of the Civil Court of the City of
New York. It provides for a hearing to
show cause why all default judgments
theretofore entered in favor of Vigilant
Protective Systems, Inc. should not now
be vacated and set aside; why all sum-

monses and complaints presently on file in that Court should not be vacated; and why respondents should not be stayed from taking any further steps in any of their actions in that Court; why the City Marshals who hold executions under judgments recovered on behalf of Vigilant should not be stayed from levying execution and why restitution should not be given to all persons entitled thereto. Mr. Justice Thompson ordered that, pending the hearing and determination of that proceeding, all proceedings for the enforcement of judgments by Vigilant in the Civil Court be stayed. The Clerk of that Court was restrained from entering judgments as well.

The background of this order to show cause is the charge, widely publicized, that thousands of default judgments have been fraudulently obtained in the Civil Court by the debtor through lack of due service of process and through violations of federal, state and city laws and other illegalities which would render the default judgments void.

Upon the argument of the motion on October 26, the day before the scheduled hearing, I ruled from the Bench that I would not restrain the State Court in the performance of its functions even though I might have power under the Bankruptcy Act to do so.

I then stated that I would expect the State Court not to take dispositive action other than the hearing itself before the delicate issue of federalism could be determined by me in the first instance.

I suggested that I would confer with Mr. Justice Thompson and Referee Babbitt to determine the procedures to be followed in this case. On the one hand, the existing judgments, unless and until vacated, are assets in the hands of the debtor in possession under the jurisdiction of this Court. On the other hand, consumers who may have been defrauded are not likely to appear before the Referee in bankruptcy to protect their interests. Even if they were to do so, there is still a question in my mind as to whether primary jurisdiction in

spite of the bankruptcy should not inhere in the Civil Court where the judgments were originally entered. It seems to me that comity would suggest that the Federal Court give way to the State Court which has the inherent power to inquire into the integrity of its own judgments. Root Refining Co. v. Universal Oil Products Co., 169 F.2d 514, 521–522 (3 Cir. 1940), cert. denied, sub nom. Universal Oil Products Co. v. William Whitman Co., 335 U.S. 912, 69 S. Ct. 481, 93 L.Ed. 444; Ladd v. Stevenson, 112 N.Y. 325, 332, 19 N.E. 842 (1889).

The interests of justice indicate that, not only as a matter of comity should the State Court proceedings be permitted to continue, but that such proceedings are presumptively in the public interest. While there is no presumption of guilt on the part of Vigilant, there is sufficient in the various activities of public bodies to warrant caution in assuming that judgments listed as assets in the bankruptcy proceeding are truly valid and collectible. At a conference held this morning, both Mr. Justice Thompson and Referee Babbitt agreed that even the interests of the debtor in possession lean toward a prompt disposition of the broader controversy in the State Courts. The Attorney General of the State of New York has, by affidavit, affirmed that a large percentage of the default judgments which the State charges have been obtained by fraud are against persons whose income is at the poverty level, with neither the resources nor the knowledge to challenge their validity. Accordingly, in the exercise of discretion, I will refuse to enter any stay at this time against the State Court. I am mindful of the statement by the Supreme Court in Thompson, Trustee v. Magnolia Petroleum Co. Inc., 309 U.S. 478, 483, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940):

"A court of bankruptcy has an exclusive and nondelegable control over the administration of an estate in its possession. But the proper exercise of that control may, where the inter-

ests of the estate and the parties will best be served, lead the bankruptcy court to consent to submission to State courts of particular controversies involving unsettled questions of State property law and arising in the course of bankruptcy administration."

While I cannot be certain that the interests of the creditors of Vigilant will necessarily best be served by this disposition I must also consider the public interest and the interests of the defaulting judgment debtors in the State Courts. As a practical matter, as well, it may be very difficult to effect an arrangement under Chapter XI of the Bankruptcy Act so long as this controversy remains in a completely unresolved state.

The denial of this motion is not intended, however, as a direction to Referee Babbitt. At my suggestion Referee Babbitt will confer with Mr. Justice Thompson to determine the areas of inquiry by the Referee and by the State Court to see whether a sensible accommodation can be made.

For the foregoing reasons the motion is now denied in its entirety.

So ordered.