In re CONTINENTAL MORTGAGE
INVESTORS, Debtor.

Paul LAZZARO, Receiver of Continental
Mortgage Investors, Plaintiff,

v.

The AETNA CASUALTY AND SURETY
COMPANY and Sailboat Key,
Inc., Defendants.

Nos. 76–0593–S, 76–2710–S.

United States District Court,
D. Massachusetts.

Feb. 16, 1979.

Hertz N. Henkoff, Melvin S. Hoffman, Barron & Stadfeld, Boston, Mass., for plaintiff.

Phillip M. Cronin, David C. Hawkins, Geoffrey M. Peters, Withington, Cross, Park & Groden, Boston, Mass., for defendant, The Aetna Casualty & Surety Co.

Peter H. Sutton, Julius Thannhauser, Cohn, Riemer & Pollack, Boston, Mass., for defendant Sailboat Key, Inc.; John L. Britton, Friedman, Britton, Cohen, Kaufman, Zinkow, Benson & Shantz, Richard L. Lapidus, Miami, Fla., of counsel.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

### I. FACTS

On September 19, 1975, judgment in the amount of $1,321,924.06 was entered against Continental Mortgage Investors (CMI) in favor of Sailboat Key, Inc. (Sailboat) by the Circuit Court of Dade County, Florida. Sailboat filed this judgment in the records of that court on September 22, 1975 and, pursuant to Fla.Stat. § 55.10, it became a lien on all real property of CMI in Dade County. CMI did not hold title to any real property in Dade County on or after September 22, 1975.

CMI subsequently filed notice of its appeal of the judgment to the District Court of Appeal of Florida, Third Circuit. CMI sought a stay of execution of judgment pending appeal in the state court. The stay was granted upon condition that CMI post a supersedeas bond in the amount of $1,450,-000 conditioned in compliance with the Florida Appellate Rules, Rule 5.7.

On November 7, 1975, Aetna Casualty and Surety Company (Aetna) issued to CMI a supersedeas bond in the amount of $1,450,000. CMI contemporaneously assigned and delivered a negotiable certificate of deposit (C.D.) on Bankers Trust Company of New York to Aetna as collateral security for the issuance of the bond. The terms of the assignment provide that it shall remain in full force and effect until Aetna's liability on the bond is terminated. The supersedeas bond, naming CMI as principal and Aetna as surety thereon, was posted in the state court on November 10, 1975. CMI filed its petition for relief under the Bankruptcy Act on March 8, 1976.

The money judgment was affirmed by the state appellate court on September 13, 1977. CMI's subsequent petitions for rehearing and for writ of certiorari were denied. Under the conditions of the supersedeas bond, as mandated by Rule 5.7, Flor-

ida Appellate Rules, the obligations of CMI and Aetna on the bond matured upon affirmance of the judgment.

## II. THE PRESENT PROCEEDINGS

The receiver has brought this action to recover the certificate of deposit from Aetna and to dissolve the supersedeas bond posted in the state court. The receiver asserts that the assignment of the certificate of deposit and the posting of the supersedeas bond were preferential transfers avoidable by the receiver in bankruptcy under the provisions of Section 60a and b of the Bankruptcy Act. Pending determination of the merits of this action, the receiver asks that I enjoin Sailboat from collecting the amount of the bond from Aetna and Aetna from alienating or liquidating the certificate of deposit.

Aetna subsequently sought by counterclaim to interplead CMI and Sailboat and to deposit in court the face amount of the supersedeas bond and the certificate of deposit pursuant to 28 U.S.C. § 1335. It further petitioned this court to enjoin Sailboat, pursuant to 28 U.S.C. § 2361, from initiating or prosecuting any action with respect to the supersedeas bond. On its motion I issued a temporary restraining order on January 19, 1978, conditioned upon Aetna's giving bond in the amount of $1,450,000 payable to the Clerk of this Court and upon Aetna's compliance with future orders of this Court. Aetna agreed to these conditions and has posted a bond in the requisite amount. Sailboat has been served with process pursuant to 28 U.S.C. § 2361 which provides for nationwide service of process in statutory interpleader actions. Sailboat has moved to dismiss both the receiver's claim and Aetna's interpleader.

## III. JURISDICTION

### A. *The Receiver's Action*

Aetna does not dispute that this Court has personal jurisdiction over it in this action. In ruling on the motions at hand, I must determine the nature of this proceeding with respect to the supersedeas bond, however, since the receiver seeks to bring Sailboat before this court by virtue of the nationwide service of process under Rule 704 of the Rules of Bankruptcy Procedure applicable only in summary proceedings under the Act.

The basic rule is that a court in bankruptcy may adjudicate rights and claims to property in a summary proceeding where the property is in the actual or constructive possession of the court. *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 481, 60 S.Ct. 628, 84 L.Ed. 876 (1940); *In re Colonial Realty Investment Co.,* 516 F.2d 154, 156 (1st Cir. 1975). Where the property in question is not in the possession of the Bankruptcy Court, and a third person asserts a bona fide claim of right adverse to the receiver in bankruptcy, the Bankruptcy Court lacks summary jurisdiction unless the adverse claimant consents thereto, and the dispute relative to the property must be resolved in a plenary action in a court of competent jurisdiction, state or federal. *Cline v. Kaplan,* 323 U.S. 97, 98–99, 65 S.Ct. 155, 89 L.Ed. 97 (1944). This rule applies in actions to avoid preferences under 11 U.S.C. § 96(b), 3 *Collier on Bankruptcy* ¶ 60.60[2] (14th ed. 1976), and, the "exclusive jurisdiction" provisions of 11 U.S.C. §§ 511 and 711 notwithstanding, to proceedings under Chapters X and XI as well as straight bankruptcy. *NYTCO Services, Inc. v. Hurley's Grain Elevator Co.,* 422 F.Supp. 114, 119–20 (W.D.Tenn.1976).

The receiver seeks to defeat Sailboat's interest in the supersedeas bond, which is not property within the actual or constructive possession of this Court. The supersedeas bond has been in the custody of the state court since being posted on November 10, 1975. Even assuming that Sailboat's claim under the bond is property, the Bankruptcy Court is without summary jurisdiction to adjudicate matters relating to a res appropriately within the possession of another court of competent jurisdiction. See *Carney v. Sanders,* 381 F.2d 300, 302–03 (5th Cir. 1967).

The present action is thus a plenary action, and the nationwide service of proc-

ess provision of Rule 704 is inapplicable. *See* Advisory Committee Note to Rule 704(f)(1), Rules of Bankruptcy Procedure. Sailboat is not amenable to process under the Massachusetts long-arm statute, M.G.L. c. 223A. Although subject matter jurisdiction exists under Section 60 of the Bankruptcy Act, this Court lacks personal jurisdiction over Sailboat in the receiver's action to dissolve the supersedeas bond.

Accordingly, so much of Sailboat's motion to dismiss as relates to the receiver's original action to enjoin enforcement of the bond is ALLOWED.

### B. *The Federal Interpleader Statute, 28 U.S.C. § 1335*

■ Aetna's statutory interpleader action is properly brought by counterclaim. *See* 7 C. Wright and A. Miller, *Federal Practice and Procedure* § 1708 at 391 (1972); 3A J. Moore, *Moore's Federal Practice* ¶ 22.-15 (2d ed. 1978). Where the maintenance of statutory interpleader is otherwise appropriate, a nonresident claimant, such as Sailboat, is subject to the jurisdiction of this Court under the nationwide service of process provisions of 28 U.S.C. § 2361.

If the receiver and Sailboat are claiming the same fund, or are seeking to enforce mutually exclusive potential liabilities of Aetna, then interpleader is the appropriate device to resolve all the claims. *Gaines v. Sunray Oil Company,* 539 F.2d 1136, 1141 (8th Cir. 1976); *General Electric Credit Corporation v. Grubbs,* 447 F.2d 286, 288 (5th Cir. 1971), *rev'd on other grounds,* 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); 7 C. Wright and A. Miller, *Federal Practice and Procedure* § 1705 at 373 (1972).

■ In the present case Sailboat seeks to recover against Aetna on the supersedeas bond. The receiver seeks to recover the C.D. given as collateral. In my view, the bond and the collateral are not a single fund. Furthermore, loss of the collateral to the receiver would not relieve Aetna from liability on its bond, so that the competing claims are not mutually exclusive.

The liability of Aetna is independent of the bankruptcy of CMI and survives it. 11 U.S.C. § 34. The bond was not given to release a lien (no lien having attached in any case) so 11 U.S.C. § 107(a)(5) does not apply; the liability of the surety would be in no way reduced by the loss of the indemnifying collateral. *In re Quaker City Cold Storage Co.,* 45 F.Supp. 570 (E.D.Pa.1942).

I am aware that the opposite conclusion was reached by the district judge in *Stuyvesant Insurance Co. v. Dean Construction Co.,* 254 F.Supp. 102 (S.D.N.Y.1966), *aff'd sub nom. Stuyvesant Insurance Company v. Kelly,* 382 F.2d 991 (2d Cir. 1967) (per curiam). There it was held in a comparable situation that the bond and the collateral were "inextricably interrelated" so that interpleader was appropriate. The stakeholder had deposited the face amount of the bond in court, so that there was the appearance of a single fund at issue, but no analysis of the true relationship of the parties is revealed in the opinion. The Court appears to rely entirely on *Royal School Laboratories, Inc. v. Town of Watertown,* 358 F.2d 813 (2d Cir. 1966). In that case Judge Friendly held that the claims of a subcontractor and of the prime contractor against a town were "inextricably interrelated." The claims in that case were mutually exclusive, in that the Town was not obliged to pay twice. Interpleader was a proper device to insure that result.

In short, the claim of the receiver to recover the collateral and the right of Sailboat to collect on the bond are not mutually exclusive. Accordingly, the device of interpleader is not available to Aetna, and its counterclaim is accordingly DISMISSED.

### IV. THE RECEIVER'S PRAYER FOR INJUNCTIVE RELIEF

■ There remains in the case the receiver's original claim against Aetna to recover the C.D. The receiver seeks a preliminary injunction against alienation or liquidation of the C.D. Under the applicable statute, 11 U.S.C. § 96(b), the receiver may recover the value of the C.D. if the C.D. is converted. Money damages will in fact be an

exact equivalent of the C.D. In such case, there is no need for injunctive relief. On the facts stated above, furthermore, the receiver is not likely to establish that the transfer of the C.D. was perfected within four months of the filing of the petition herein.

Accordingly, the receiver's motion for a preliminary injunction is DENIED and the matter shall stand for a determination on the merits.