**In re CRAIG BROTHERS MARINE RAILWAY, INC., Debtor.**

**UNITED STATES of America**

v.

**CRAIG BROTHERS MARINE RAILWAY, INC.**

Bankruptcy No. 78–610–N.

United States Bankruptcy Court, E. D. Virginia.

Nov. 29, 1979.

Michael A. Rhine, Asst. U. S. Atty., Norfolk, Va., for plaintiff.

Archie L. Boswell and L. Shields Parsons, Jr., Parsons & Steffen, Norfolk, Va., for defendant.

## MEMORANDUM ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

Simply put, does the Bankruptcy Court have jurisdiction over a dispute before the Armed Services Board of Contract Appeals? Yes, but . . . .

On April 13, 1978, Craig Brothers Marine Railway, Inc., the Chapter XI debtor here, was pleased to obtain from the United States Navy a contract for the repair of certain vessels. The pleasure soon passed and the debtor was unable to complete the repairs.

The Master Ship Repair Contract contained a disputes clause designating the Armed Services Board of Contract Appeals (Board) as the appropriate forum to resolve any contractual disputes between the parties.[1]

Accordingly, the Navy brought its action before the Board on April 12, 1979, subsequent to the filing of the Chapter XI petition on July 8, 1978, but during the operation of the business by the debtor-in-possession. On jurisdictional grounds the debtor objects to the prosecution of the matter before the Board arguing that the Bankruptcy Court alone is the proper forum.

The spectre of summary versus plenary jurisdiction has haunted the bankruptcy courts for ages and has, surely, been one of two chief albatrosses around the court's neck.[2] Fortunately, the new Bankruptcy Code removes this distinction, but this case arises under the Bankruptcy Act of 1898, as amended.

Instantly, the issue is not so complex; summary jurisdiction is obvious.

"Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession." *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 481, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940).

Any sum for breach of contract which the Navy might obtain would have to come

---

1. The contract actually provides that a dispute would be decided by a Contracting Officer with the right of timely appeal to the Secretary of the Navy's Armed Services Board of Contract Appeals.

2. This Court has cases where plenary proceedings have been pending in other courts for years and years.

from the assets of the estate, in hand, and nothing is more firmly in the actual possession of the Court. Indeed, the United States of America has filed a claim in the case. This is a clear consent to the Court's summary jurisdiction. Section 2a(7) of the Bankruptcy Act, 11 U.S.C. 11(a)(7); *In re Skyline Lumber Co.,* 311 F.Supp. 112 (W.D. Va.1970); *Coffman v. Cobra Manufacturing Co.,* 214 F.2d 489 (9th Cir. 1954); and *Florance v. Kresge,* 93 F.2d 784 (4th Cir. 1938).

The United States must understand, too, that bankruptcy courts are essentially courts of equity, there to apply the principles and rules of equity jurisprudence. *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); and *Braddy v. Randolph,* 352 F.2d 80 (4th Cir. 1965).

In truth, there is nothing but the colorable to argue. The Navy may not be accustomed to courts of bankruptcy, but it is not immune. Summary jurisdiction lies by virtue of actual possession and consent.

We have above emphasized that the Court is one of equity; no self-defeating, senseless rigidity here. It is the most marvellous feature of bankruptcy law. The Armed Services Board of Contract Appeals is certainly competent and experienced to resolve matters of dispute involving such a contract as here presented. Since proceedings in that direction have commenced, there is good reason for them to continue. That Board can collect the facts as well as this forum could.

There is ample authority for this in the keystone case of this opinion:

> "A court of bankruptcy has an exclusive and nondelegable control over the administration of an estate in its possession. But the proper exercise of that control may, where the interests of the estate and the parties will best be served, lead the bankruptcy court to consent to submission to State courts of particular controversies . . . ." *Thompson v. Magnolia Petroleum Co., supra,* 309 U.S. p. 483, 60 S.Ct. p. 630.

It is certainly in the best interest of all to allow the Board to draw its conclusions.

Conclusion

The United States of America may timely proceed before the Armed Services Board of Contract Appeals with the matter involving Craig Brothers Marine Railway, Inc. Such action shall not—should not—preclude the debtor from objection to the claim of the United States in this Court; however, the findings of facts of the Board shall be conclusive. No factual *de novo* trial shall be allowed here. The right of the debtor to object to the claim on other grounds is reserved.

The United States shall forward a certified copy of the Board's conclusion to the Court within twenty days of its entry or filing, and the debtor may object to the claim, on proper grounds, within thirty days of said entry or filing.

The United States shall, at its expense, record the proceedings before the Board and make an official transcript available to this Court, if later required.

IT IS SO ORDERED.

A copy of this memorandum order shall be forwarded to the attorneys for the debtor and the attorneys for the United States of America.