In re Donald W. KIMREY, Penny Kimrey, Debtors.

Penny KIMREY, Plaintiff,

v.

Charles H. DORSETT in his official capacity as Executor of the Estate of B. William Rosenfeld, Defendant.

Bankruptcy No. B–80–01565 C–13, A–81–0029.

United States Bankruptcy Court, M. D. North Carolina.

April 17, 1981.

Richard M. Greene, Clio, S. C., for plaintiff.

Charles H. Dorsett, pro se.

Richard M. Hutson, II, Durham, N. C., standing trustee.

## ORDER TO ABSTAIN FROM EXERCISING JURISDICTION

RUFUS W. REYNOLDS, Bankruptcy Judge.

The above-captioned adversary proceeding was filed by the female debtor to recover property that allegedly belonged to the debtor. This matter came on for hearing before the undersigned United States Bankruptcy Judge after due and timely notice was given to the defendant and other interested parties, and was heard on March 17, 1981. After due consideration in this matter, and upon hearing evidence and testimony and arguments of counsel and reviewing briefs filed by both parties in this matter, the Court finds the following facts and applies the law accordingly.

### FINDINGS OF FACT

1. On July 16, 1980, Donald W. Kimrey and wife, Penny Kimrey, filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The female debtor, Penny Kimrey, is the daughter of B. William Rosenfeld. B. William Rosenfeld died in August, 1980. His death was within 180 days of the filing of the debtors' Chapter 13 petition and, therefore, any property the female debtor would be entitled to by reason of his death, would become property of her estate, pursuant to 11 U.S.C. § 541.

3. On the date of his death, B. William Rosenfeld held a certificate of deposit in the amount of $13,000.00 from the Fidelity Bank of Biscoe, N. C. This certificate of deposit was issued in the name of B. William Rosenfeld or Penny Sue Kimrey or William C. Rosenfeld. These names were all typed on the front of the certificate. The back of the certificate of deposit had the following:

SIGNATURE OF REGISTERED HOLDER—ONE PERSON

TO THE FIDELITY BANK

The bank and the undersigned party or parties agree: We, the undersigned parties, agree and declare that all funds on deposit now or deposited at any time in this joint account are, and shall be our joint property, owned by us as joint tenants with the right of survivorship and not as tenants in common regardless of source of origin of these funds; and upon the death of one or more of us any balance remaining in said account shall become the property of the survivor or survivors subject, however, to the provisions of Section 41–3–1(b) of the General Statutes of North Carolina. The entire account or any part thereof may be withdrawn by or upon the order of any one of us, the survivor or survivors and the withdrawal of funds by the survivor or survivors shall be binding upon us, our heirs, next of kin, legatees, assigns, creditors and personal representatives. This agreement is made subject to the provisions of Section 41–3–1 of the General Statutes of North Carolina.

SIGNATURE OF REGISTERED HOLDERS—JOINT ACCOUNT WITH RIGHT OF SURVIVORSHIP

/s/ B. William Rosenfeld
_____
Signature
_____
Signature
_____
Signature

As noted, there was only one signature under the line of "Joint Account with Right of Survivorship." That is the signature of B. William Rosenfeld.

4. The defendant in this action is Charles H. Dorsett. He was duly appointed the Executor of the estate of B. William Rosenfeld. On September 30, 1980, Charles H. Dorsett as Executor, redeemed the certificate of deposit from Fidelity Bank and placed the proceeds in the decedent's estate for disbursement as a general asset of the estate.

5. The plaintiff, the female debtor, contends that a portion of the funds in the certificate of deposit are property of her estate by reason of an inter vivos gift from her father or in the alternative by reason that it was the usual and customary banking practice of Fidelity Bank to only require that the depositor sign a joint account with right of survivorship even if more than one registered holder is indicated on the face of the certificate of deposit.

6. The Executor contends that these funds belong to the decedent's estate as North Carolina has a statute which expressly governs joint bank accounts with right of survivorship. The defendant states that the provisions of N.C.G.S. § 41–2.1 have not been complied with and that the proceeds of the certificate of deposit are rightfully in the possession of the Executor. The Executor also contends that the Bankruptcy Court had no jurisdiction over this action pursuant to N.C.G.S. § 1–78.

7. Also involved in this case is the fact that the plaintiff is indebted to the estate of B. William Rosenfeld in the amount of $2,779.40. This indebtedness is based on a demand note and deed of trust executed by the female debtor. Plaintiff seeks to set off this debt under § 553 of the Bankruptcy Code and use the remaining funds allegedly due her to bring current the arrearage owed to Federal National Mortgage Association, holder of a note and deed of trust on the debtor's home.

The Court now finds the following to substantiate an order to abstain:

1. N.C.G.S. § 7A–241 provides "exclusive and original jurisdiction for the probate of wills and the administration of the decedent's estate is vested in the Superior Court Division."

2. N.C.G.S. § 1–78 provides "all actions against an executor and administrator in their official capacity must be instituted in the county where the bonds were given."

3. The North Carolina statutes have other restrictions in regard to claimants bringing an action against the personal representative. N.C.G.S. § 28A–19–18 prohibits the recovery of costs by the plaintiff under certain circumstances. N.C.G.S. § 28A–19–16 has a 90-day limitation on recovering on a claim where such claim has been denied by the personal representative. Therefore, this Court may not have jurisdiction over this adversary proceeding.

4. Even if this Court does have jurisdiction over this adversary proceeding, the is-

sue of ownership of the proceeds of the certificate of deposit is one which should be decided in state court. N.C.G.S. § 41–2.1 states that a "bank account may be established in the names of two or more persons, payable to either or the survivor or survivors . . . when both or all parties have signed a written agreement, either on a signature card or by a separate instrument, expressly providing for the right of survivorship." The statute then goes on to state that "this section shall not be deemed exclusive, deposit accounts not conforming to this section . . . shall be governed by other applicable provisions of the law." The statute has many ambiguities and the case law in this state is not clear.

5. The Executor, Charles H. Dorsett, has a claim consisting of a note and deed of trust against the plaintiff in this action which will probably involve adjusting the rights of plaintiff against the defendant in the Probate Court.

6. If it should be determined that the plaintiff, Penny Kimrey, is entitled to proceeds of the certificate of deposit under N.C.G.S. § 41–2.1(b)(3) the proceeds would be subject to the following claims listed below upon that portion of the unwithdrawn deposit which would belong to the deceased had the unwithdrawn deposit been divided equally between both or among all the joint tenants at the time of the death of the deceased:

(a) One-year's allowance to the surviving widow

(b) Funeral expenses

(c) Estate expenses

(d) Creditors of the deceased

(e) Government obligations, such as taxes.

This Court now makes the following

## CONCLUSIONS OF LAW

1. Although the Bankruptcy Court has jurisdiction over all claims and causes of action relating to bankruptcy matters under 28 U.S.C. § 1471, the Court is also given the authority to decline jurisdiction in the interest of justice under 28 U.S.C. § 1471(d), or to remand removal of cases on equitable grounds under 28 U.S.C. § 1478. Section 1471(d) provides "a bankruptcy court, in the interest of justice, (may) abstain from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11. Such abstention, or decision not to abstain, is not reviewable by appeal or otherwise."

2. The legislative history of § 1471(d) cites *Thompson v. Magnolia Petroleum*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940) as support for the decision to abstain. In *Thompson,* a case involving oil rights and land ownership, the Supreme Court held that it was appropriate for the bankruptcy court to abstain from hearing this matter as it involved the interpretation of instruments of conveyance which were governed by state law and because there were no state statutes or state court decisions which were on point. Therefore, the issue was one of unsettled state law and one which the state court should make a ruling.

3. There are very few reported decisions under the 1979 Code with respect to § 1471(d). However, it seems clear that the legislators have incorporated the *Thompson* ruling in the Code. In a 1980 Code case, *Matter of Jewel Terrace Corporation*, 3 B.R. 36 (Bkrtcy., 1980), the Bankruptcy Court of the Eastern District of New York held that "where there has been a prior state court proceeding or issues involving state court expertise such as the landlord tenant area, it is proper to defer to the state court," 3 BR at page 39. There is no doubt that the rights of ownership in a joint bank account with the rights of survivorship is clearly a question of state law requiring state expertise.

This Court holds that a decision to abstain from deciding a particular issue in a case should only be exercised after due deliberation and discretion. It was the intent of Congress to give the court original jurisdiction over "all civil proceedings arising under Title 11 or arising in or related to cases under Title 11, 28 U.S.C. § 1471. However, this Court holds that it is in the best interests of all parties to abstain from

hearing the matter that involves such an unsettled issue in North Carolina law.

Now, therefore, based on the foregoing Findings of Fact and Conclusions of Law, it is

ORDERED that pursuant to the authority granted this Court under 28 U.S.C. § 1471(d) this Court abstains from exercising jurisdiction over this adversary proceeding and directs that this proceeding be commenced in state court as the state court is better able to respond to this particular issue.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the stay afforded by 11 U.S.C. § 362 be, and hereby is, modified to permit a party of interest to commence a proceeding against the debtor that is substantially related to the proceeds of the certificate of deposit in question. For all other purposes the automatic stay of 11 U.S.C. § 362 is in full force and effect.