In re Yolande T. DESMARAIS, Debtor.

Yolande T. DESMARAIS, Plaintiff,

NORTHERN NATIONAL BANK, Samuel W. Chew, Defendants.

Bankruptcy No. 181–00250.
Adv. No. 183–0049.

United States Bankruptcy Court,
D. Maine.

Aug. 25, 1983.

Stephen Morrell, Eaton, Peabody, Bradford & Vague, Bangor, Me., for plaintiff.

Gary Norton, Bangor, Me., for defendant.

MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The debtor, Yolande Desmarais, seeks a declaratory judgment establishing the na-

---

ture of her property interest in certain real property and declaring her interest superior to the interest of defendant Northern National Bank. The court concludes that it should abstain because the proceeding involves a question of state real property law, which should be decided by the state court currently presented with the issue in the context of a foreclosure proceeding.

The debtor filed a petition under chapter 11 on August 14, 1981. At the time of filing, the debtor owned an apartment building in Bangor, Maine. In December of 1981, the debtor sold the building to one Samuel Chew who subsequently mortgaged it to Northern National. Although Chew had agreed, in the purchase and sale agreement, to allow the debtor to occupy one of the apartments free of charge until he converted the building to condominiums and to convey a condominium to the debtor for $1.00, neither the deed from the debtor to Chew nor the mortgage from Chew to Northern National mentioned this agreement. Both the deed and the mortgage were recorded before the debtor recorded any evidence of her interest. The debtor claims, however, that Northern National had actual notice of her interest and that this actual notice makes her interest superior despite the bank's prior recording.

On September 2, 1982, Northern National filed a complaint for foreclosure in Maine District Court against Chew as defendant and the debtor as party in interest. The complaint asks the Maine court to determine "the order of priority of such other parties as it may appear." The state court was concerned with the debtor, as a party in interest, so the bank requested relief from stay from this court in order to continue its foreclosure action. The debtor consented to the relief, and this court terminated the stay on December 3, 1982. The Maine District Court entered a default judgment against Chew on February 1, 1983.

■ Under the Bankruptcy Code, bankruptcy courts have jurisdiction to hear almost any civil case. *Bank of Delaware v. Houghton (In re Straughan),* 10 B.R. 28, 29

(Bkrtcy.D.Del.1980); *see* 28 U.S.C.A. § 1471 (Supp.1983); Local Rule 41(c)(1). In conjunction with this broad jurisdiction to hear cases and proceedings, bankruptcy courts have "exclusive jurisdiction" over the property of the debtor. 28 U.S.C.A. § 1471(e) (Supp.1983). This exclusive jurisdiction does not, however, limit the bankruptcy court's power to lift the automatic stay and allow a state court of competent jurisdiction to decide finally issues affecting property of the debtor. *Family Savings & Loan Association v. Calabria (In re Calabria),* 5 B.R. 73, 74 (Bkrtcy.D.Conn.1980). Although the stay is lifted, the bankruptcy court retains jurisdiction over the property and may determine other issues not ruled upon by the state court. *Kash & Karry Wholesale, Inc. v. Citizens & Southern National Bank (In re Kash & Karry Wholesale Inc.),* 28 B.R. 66, 70 (Bkrtcy.D.S.C.1982).

■ This court had exclusive jurisdiction under section 1471(e) over the debtor's interest in the Bangor apartment. However, by its order dated December 3, 1982, this court surrendered its exclusive jurisdiction by lifting the stay to allow the Maine District Court to render a final decision affecting the debtor's interest. Apparently, the Maine court has not yet ruled on the debtor's property interest but has limited its decision to Northern National's rights against Chew. Although this court has jurisdiction to decide the issue before it, under the circumstances, it is appropriate for this court to abstain and allow the state court to act.

The Bankruptcy Code specifically provides for abstention. Section 1471(d) states: "subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C.A. § 1471(d) (Supp.1983).

Section 1471(d) incorporates the United States Supreme Court's decision in *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), into the Bankruptcy Code. *Kimrey v. Dorsett*

*(In re Kimrey),* 10 B.R. 466, 468 (Bkrtcy.M. D.N.C.1981); *Jewel Terrace Corp. v. Kew Gardens Tenants League (In re Jewel Terrace Corp.),* 3 B.R. 36, 39 (Bkrtcy.E.D.N.Y. 1980); H.R.Rep. No. 595, 95th Cong., 2d Sess. 51, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6012. In *Thompson,* the Supreme Court recognized that although a bankruptcy court may have exclusive control over the bankruptcy estate, including the power to decide questions of title to real property,

> the proper exercise of that control may, where the interests of the estate and the parties will best be served, lead the bankruptcy court to consent to submission to State courts of particular controversies involving unsettled questions of State property law and arising in the course of bankruptcy administration.

309 U.S. at 483, 60 S.Ct. at 630. The drafters of the Bankruptcy Code believed that the power to abstain was a critical counterpart of the bankruptcy court's expanded jurisdiction. The House Report states:

> [I]n order to insure that the jurisdiction of the bankruptcy court is exercised only when appropriate to the expeditious disposition of bankruptcy cases, the bill codifies present case law relating to the power of abstention in particular proceedings by the bankruptcy court. Occasions arise when determination of an issue is best left to a court that decides similar issues regularly, especially if the issue is one that requires a particular expertise that the bankruptcy court does not have. For example, in *Thompson v. Magnolia Petroleum,* the Supreme Court required a bankruptcy court to defer to a State court for determination of a particularly unusual question of State real property law. The power of abstention is necessary to the effective and meaningful exercise of the expanded jurisdiction granted by this bill.

H.R.Rep. No. 595, *supra* (footnote omitted).

Thus, section 1471(d) allows bankruptcy courts, through abstention, to submit questions affecting property of the debtor to state courts for decision. As stated by the Eighth Circuit, it gives the bankruptcy courts the "flexibility to handle their new powers judiciously" and to avoid "litigation that might more conveniently be handled elsewhere with no loss of substantive right." *In re Med General Inc.,* 672 F.2d 716, 719 (8th Cir.1982).

The law relating to abstention indicates that this is a particularly appropriate proceeding for application of the doctrine. Real property rights are an area of recognized state court expertise. This proceeding presents an issue of state property law. Comity and judicial economy would be served by allowing the Maine court, which already has the foreclosure proceeding and the issue of the "order of priority" of the parties before it, to rule on the nature of the debtor's interest in the property. *Cf. 951 Plymouth Restaurants, Inc. v. Pemberton Pub, Inc. (In re Pemberton Pub, Inc.),* 16 B.R. 275, 277 (Bkrtcy.D.Mass.1981). Finally, this court is not unmindful of its uncertain jurisdiction over proceedings involving purely state law issues after *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

An appropriate order will be entered.