**In re ATLAS AUTOMATION,
INC., Debtor.**

**ATLAS AUTOMATION, INC., Plaintiff,**

**v.**

**JENSEN, INC., Defendant.**

**Bankruptcy No. 82–00189.
Adv. No. 82–0165.**

United States Bankruptcy Court,
E.D. Michigan, S.D.

Aug. 31, 1984.

Jack K. Segal, Flint, Mich., for debtor.

C. Randall Mitseff, Jeffrey I. Kahan, Detroit, Mich., for Jensen Co.

## MEMORANDUM OPINION AND RECOMMENDATION RE: JURISDICTION AND ABSTENTION

ARTHUR J. SPECTOR, Bankruptcy Judge.

### JURISDICTION

This is an action commenced May 24, 1982, by the Chapter 11 Debtor-in-Possession against a company which is otherwise a stranger to these proceedings for a money judgment on an alleged account receivable. The defendant counterclaimed and demanded a jury trial[1]. The defendant later moved for a dismissal or abstention based upon *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

■ The complaint and the counterclaim are based on contract theories. Unless the Court were to read "orders to turn over property of the estate" or "other proceedings affecting the liquidation of the assets of the estate ..." to include collection of accounts receivable or actions for breach of contract, this case is not a "core proceeding" as defined by 28 U.S.C. § 157(b)(2). Although money due to a Chapter 11 debtor can certainly be described as "property of the estate" for which the plaintiff is requesting a "turn over" order, and although this is a "proceeding affecting the liquidation of the assets of the estate" in that it is indeed an action to liquidate what at least the debtor perceives to be an asset,

to wit: an account receivable, the Court cannot ignore the legislative intent behind the recent enaction of the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353. In light of the fact that this statute was enacted in response to the Supreme Court's holding in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, *supra* and that that case involved an action similar in legal nature to the case at hand, *i.e.*, a breach of contract action, it is doubtful that Congress intended this type of case to be tried by a bankruptcy court. Thus, although the perimeters of the definition of "turn over *property* of the estate" and "proceeding affecting the *liquidation* of the assets of the estate" are yet to be explored, they do not include actions of this type. Therefore, the Court, on its own motion, pursuant to 28 U.S.C. § 157(b)(3), determines that this case is a "proceeding that is otherwise related to a case under title 11."

■ It appears that this case is "trial ready" since discovery is complete and motions for summary judgment have been denied. On August 17, 1984, the District Court for the Eastern District of Michigan adopted Administrative Order 84–X–00096, which, among other things, states:

"... in any proceeding in which a demand for a jury trial is made, the Bankruptcy Judge shall determine whether the demand was timely made and if timely made, whether the party has a right to a jury trial....

"If the Bankruptcy Judge determines the demand was timely made and the party has a right to a jury trial, the proceeding shall be administered until it is ready for a final pretrial conference before a District Judge. The Bankruptcy Judge shall also prepare written recommendations concerning the effect of the proceeding upon the disposition of the underlying bankruptcy petition and whether the trial of the proceeding should be expedited."

---

**1.** Although this opinion does not rely upon the fact that a party has requested a jury trial, there is substantial disagreement over whether the Bankruptcy Court has the authority to conduct jury trials even in the context of a trial of a core proceeding. Thus, there may exist an independent ground for the decision to try the case in a forum other than the Bankruptcy Court.

Since a proper demand for jury trial was timely made, this is not a case which can be tried by the Bankruptcy Court, and therefore this case would have to be transferred to the District Court for trial.

## ABSTENTION

■ Although the Bankruptcy Amendments and Federal Judgeship Act added 28 U.S.C. § 1334(c)(2), which states:

"Upon timely motion of a party in a proceeding based upon a State law claim or State cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section the district court [2] shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy,"

that section is not effective as to any proceeding, such as this one, which arose from or is related to a case pending on the date of its enactment. 28 U.S.C. § 122(b). However, 28 U.S.C. § 1334(c)(1), which recodified 28 U.S.C. § 1471(d), and which allows the Court to abstain in the exercise of its discretion, is now in effect. Prior thereto, of course, 28 U.S.C. § 1471(d) permitted abstention. Thus, abstention was available as an option to the Bankruptcy Court, albeit on a discretionary basis, at all times, including now.

■ On January 18, 1983, the defendant moved for an order of abstention. No order granting or denying that motion has yet been entered. The legislative history of former 28 U.S.C. § 1471(d) states that "the subsection recognizes the exigencies that arise in such cases as *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), in which it is more appropriate to have a state court hear a particular matter of state law." H.R. Rep. No. 595, 95th Cong., 1st Sess. 446 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6401. In exercising its discretion in this regard, the Court is to be guided by what will best assure an economical and expeditious administration of the debtor's estate. *International House of Pancakes, Inc. v. American Druggist Insurance Co. (In re CPM-Builders, Inc.)*, 7 C.B.C.2d 224, 22 B.R. 926 (Bankr.N.D.Ind. 1982). *Also see, In re Kimrey*, 4 C.B.C.2d 254, 10 B.R. 466, 7 B.C.D. 625 (Bankr.M.D. N.C.1981).

The Court should likewise not overlook the fact that what Congress once allowed to be within the bankruptcy judge's discretion is soon to be mandatory. Therefore, an examination of the elements of the mandatory abstention statute for guidance in the proper exercising of such discretion is appropriate. Applying the standards of the mandatory abstention statute, 28 U.S.C. § 1334(c)(2), it appears that the same issues which arose out of the identical subject matter are already in litigation in a lawsuit pending since May 18, 1982 (one week prior to the commencement of this case), in the Oakland County Circuit Court, between the same parties to this action. The parties advised the Court at a

---

**2.** Presumably the term "district court" includes the "bankruptcy court" which, under 28 U.S.C. § 151, is an administrative unit of the district court. However, the District Court for the Eastern District of Michigan recently enacted a general order entitled In the Matter of the Administration of Bankruptcy Cases, Matters, and Procedures in the Eastern District of Michigan, Admin. Order #84-X-00096, which sets forth, among other things, procedures on motions for abstention. Specifically, that order requires that motions for abstention be heard initially by the bankruptcy judge and that he submit recommendations on the issue to the district court for entry of an order. The parties are entitled to 15 days to object to the recommendations, in default of which the bankruptcy judge's recommendations would be adopted as the district court's order without further hearing.

status conference on August 15, 1984 that the state court case is set for trial in the next term of that court commencing in September, 1984. It is apparent that this proceeding is based on a state law cause of action which is related to, but not arising under Chapter 11. There is no ground for the exercise of federal jurisdiction except under 28 U.S.C. § 1334. Since an action was commenced and can be timely adjudicated in a state court of appropriate jurisdiction, abstention would be mandatory were 28 U.S.C. § 1334(c)(2) now in effect.

For these reasons, the Court would exercise its discretion under 28 U.S.C. § 1334(c)(1) and abstain from trying this case. But, since this is a case which is set to be tried in the District Court, and pursuant to Administrative Order # 84–X–00096, this Court merely recommends to the District Court that it enter an order abstaining from hearing this case and allowing the parties to apend copies of the pleadings in this action to the pending state court lawsuit for purposes of trial there.