### In the Matter of BOB LEE BEAUTY SUPPLY CO., INC., individually and d/b/a Lemac, Inc., Debtor.

### In re ROBERT L. LEWIS & CHARLES M. McARTHUR, a partnership, Debtor.

### ROBERT L. LEWIS & CHARLES M. McARTHUR, a Partnership, Plaintiff,

### v.

### Edna WELLS & Shirley Mays, Administratrixes of the Estate of Robert L. Lewis, Defendants.

### Bankruptcy Nos. 85–1048, 85–1053. Adv. No. 85–0271.

United States Bankruptcy Court, N.D. Alabama, S.D.

Oct. 22, 1985.

**18**

David A. Sullivan, Birmingham, Ala., for debtors.

Patrick H. Zachary, Hattiesburg, Miss., for administratrixes.

Richard P. Carmody, Birmingham, Ala., for First Alabama Bank.

## MEMORANDUM OPINION AND ORDER

STEPHEN B. COLEMAN, Bankruptcy Judge.

Neither Robert Lewis, now deceased, nor Charles M. McArthur, as individuals are involved in this case. Bob Lee Beauty Supply, Inc. is an operating company in the nature of a subsidiary of Robert Lewis and Charles McArthur, a partnership. The partnership in connection with the corporation operated a retail business in the sale of beauty and cosmetic products. Although the principal headquarters is in Birmingham, Alabama, the business is located in several states, including Mississippi and Tennessee, in addition to Alabama, and the corporation is in possession and control of all inventories and assets in the several stores. The filing of the Voluntary Chapter 11 Partnership Petition by the surviving partner without joining the representatives of the decedent's estate has not been challenged in this court.

The partnership is alleged to have owned real estate in Alabama and Mississippi in the partnership's name. On or about January 19, 1985, Robert Lewis died in Mississippi and letters of administration were taken out on his estate in the Chancery Court of Forrest County, Mississippi Case Number P–0017. The estate consisted of real estate and personal property. The real estate is alleged to be partly in the name of Robert L. Lewis, individually, and partly in the name of the partnership of Robert L. Lewis and Charles McArthur.

While the Probate administration was pending and in progress in Mississippi, a Chapter 11 petition was filed in the bankruptcy court of the Northern District of Alabama on the 19th day of February, 1985, by Charles M. McArthur as the surviving partner and the bankruptcy court took jurisdiction over the partnership case and the assets located in Alabama. Likewise, Bob Lee Beauty Supply, a corporation, filed a Voluntary Chapter 11 on February 19, 1985, and this case is being administered in the Northern District of Alabama as an operating business with several places of business which are presumably under the jurisdiction of this Court, and the assets are not claimed by the Mississippi administratrixes and are not involved in this litigation.

On April 15, 1985, the partnership filed a complaint against Edna Wells and Shirley Mays as Administratrixes of the estate of Robert L. Lewis to recover "assets, property and records due debtor." An answer was filed by the Administratrixes by Zachery and Zachery, attorneys, denying possession of assets of the partnership, but admitting possession of all assets, property, books and records of the estate of the decedent. Later, on July 30, 1985, said Administratrixes filed a pleading styled "Special Appearance" denying jurisdiction of the bankruptcy court.

Several hearings have been conducted in this adversary proceeding in which the attorneys for the debtors have strenuously

insisted that the bankruptcy court in Alabama is in constructive possession of all partnership property wherever located and should supersede the jurisdiction of the Mississippi court and order the surrender and turn over of all assets of the former partnership. Briefs have been filed and issues made up between the parties, and hearings had, at which the attorney for the debtors has pleaded for the turn over and recovery of all assets of the partnership as being essential and necessary to the salvation of the business and successful consumation of the Chapter 11 petitions. The Motion for Consolidation of the bankruptcy cases has been denied.

THIS COURT FINDS that this matter is one in which the bankruptcy court should not interfere or attempt to take jurisdiction over the estate property being administered by the Chancery Court of Forrest County, Mississippi, and it is a case in which abstention is clearly indicated. Section 1334(c)(1) of Title 28 U.S.C. provides:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Mr. Justice Black recognized the problems that could arise by the federal court's interference in matters peculiarly involving the interpretations of title to real estate under the laws of the several states in the early case of *Thompson v. Magnolia Petroleum Company,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940).

Congress in the passage of The 1898 Bankruptcy Act was very conscious of state law and respect for state courts and left such jurisdiction to the state courts. It was not until the Dischargeability Act of 1970 and Bankruptcy Reform Act of 1978 that jurisdiction was expanded to take away from state courts the right to make and to interprete state law decisions and to remove cases from the state courts to bankruptcy courts. This partly led to the denial of such expanded jurisdiction to the bankruptcy courts in *Northern Pipeline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), with all its constitutional implications.

Doubtless his expositions of the law in that case lay the foundation for present 1334(c).[1] That case has been followed and cited innumerable times by other courts as set forth in the list of cases footnoted and attached to this opinion.[2]

1. *Williams v. Austrian,* 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718 (1947); *Schumacher v. Beeler,* 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433 (1934). These cases illustrate the gradual expanding of bankruptcy jurisdiction and the inroads gradually made to erode the separation of state versus federal jurisdiction and the right of bankruptcy courts to supersede and usurp traditional state court jurisdiction. Section 1334(c) represents a turn around and return to the former principle of comity and respect for the state court.

2. *See, e.g., In re Federal Shopping Way, Inc.,* 717 F.2d 1264 (9th Cir.1983); *In re Cochise College Park, Inc.,* 703 F.2d 1339 (9th Cir.1983); *In re Gary Aircraft Corp.,* 698 F.2d 775 (5th Cir.1983); *In re Chicago M & St.P. & P.R. Co.,* 654 F.2d 1218 (7th Cir.1981); *In re Teltronics, Ltd.,* 649 F.2d 1236 (7th Cir.1981); *In re Buchman,* 600 F.2d 160 (8th Cir.1979); *In re Boston & Maine Corp.,* 596 F.2d 2 (1st Cir.1979); *In re First Baptist Church, Inc.,* 564 F.2d 677 (5th Cir.1977); *In re Penn Central Transportation Company,* 520 F.2d 1388 (3rd Cir.1975); *In re Bayview Estates, Inc.,* 508 F.2d 405 (6th Cir.1974); *In re Decker,*

465 F.2d 294 (3rd Cir.1972); *In re New York, New Haven and Hartford Railroad Co.,* 457 F.2d 683 (2nd Cir.1972); *In re Kaleidoscope, Inc.* 25 B.R. 729 (N.D.Ga.1982); *In re 221A Holding Corp.,* 1 B.R. 506 (E.D.Pa.1979); *In re Maidman,* 466 F.Supp. 278 (S.D.N.Y.1979); *In re Continental Mortgage Investors,* 465 F.Supp. 614 (D.Mass. 1979); *Lasco v. Koch,* 428 F.Supp. 468 (S.D.Ill. 1977); *Rolling Cloud v. Gill,* 412 F.Supp. 1085 (D.Conn.1976); *In re Penn Central Transportation Co.,* 385 F.Supp. 612 (E.D.Penn.1974); *In re Fotochrome, Inc.,* 346 F.Supp. 958 (E.D.N.Y. 1972); *In re Vigilant Protective Systems, Inc.,* 333 F.Supp. 1029 (S.D.N.Y.1971); *In re Atlas Automation, Inc.,* 42 B.R. 246 (Bkrtcy E.D.Mich. 1984); *In re Osage Exploration Co.,* 39 B.R. 966 (Bkrtcy S.D.N.Y.1984); *In re Thomas, Inc.,* 37 B.R. 387 (Bkrtcy D.Mass.1984); *In re Page-Wilson Corp.,* 37 B.R. 527 (Bkrtcy D.Conn.1984); *In re Martin-Trigona,* 35 B.R. 596 (Bkrtcy S.D.N.Y. 1983); *In re Desmarais,* 33 B.R. 27 (Bkrtcy D.Me.1983); *In re Kakolewski,* 32 B.R. 494 (Bkrtcy W.D.Mo.1983); *In re Allen Carpet Clearance Center, East Brunswick, Inc.,* 31 B.R. 956 (Bkrtcy E.D.N.Y.1983); *In re Mego Internation-*

Bankruptcy Judge C. Albert Parente said *In re Lafayette Radio Electronics Corp.*, 8 B.R. 973, 977 (1981) (Bkrtcy E.D.N.Y.1981):

[3] Abstention is proper where, as in [*In re* ] *Jewel Terrace,* [3 B.R. 36 Bkrtcy. E.D.N.Y.1980) ] there is already a pending state court action, as that action serves as the exceptional circumstance necessary to justify deflection. As the Supreme Court stated: "... It is the court's duty to [abstain] when a suit is pending in the state courts, where the state questions can be conveniently and authoritatively answered, at least where the parties to the federal court action are not strangers to the state action." *Meredith,* 320 U.S. 228 at 236, 64 S.Ct. 7, at 11, 88 L.Ed. 9. The rationale of this principle is that abstention avoids the potential conflict and further avoids duplication by the federal court, of the state court procedures.

The doctrine of abstention was further expanded in the case of *In Re Zamost,* 7 B.R. 859, 862 (Bkrtcy S.D.Cal.1980), in which is set out five basic areas in which abstention would be proper. This Court refers to Number 5:

Where a state action is pending, federal courts may stay or dismiss the case in the interest of judicial administration, comprehensive disposition of litigation, conservation of judicial resources, or fairness to the parties.

In the case of *Bank of Hamburg v. Tri-State Sav. & Loan Assoc.,* 69 F.2d 436 (8th Cir.1934), the Circuit Court of Appeals refused to interfere with the administration of an estate by the bankruptcy court.

Judge Rufus Reynolds of the Middle District of North Carolina in a Chapter 13 case follows *Thompson v. Magnolia Petroleum Company,* and stated:

There were very few reported decisions under 1979 Code with respect to § 147(d). However, it seems clear that the legislators have incorporated the *Thompson* ruling in the Code. In a 1980 Code case, *Matter of Jewel Terrace Corporation,* 3 BR 36 (1980), the Bankruptcy Court of the Eastern District of New York held that "where there has been a prior state court proceeding or issues involving state court expertise such as the landlord tenant area, it is proper to defer to the state court," 3 BR at page 39. There is no doubt that the rights of ownership in a joint bank account with the rights of survivorship is clearly a question of state law requiring state expertise.

*In re Kimrey,* 10 B.R. 466, 468 (M.D.N.C. 1981).

This Court is satisfied that the consideration of justice and proper regard to comity existing between state and federal court renders this case one for abstention from interference in the administration of the estate by the Mississippi court, and

THE COURT THEREFORE ORDERS:

1. That Edna Wells and Shirley Mays, the administratrixes turn over any records or documents in their possession which pertain or relate only to the business of the partnership or corporation, including check books and cancelled checks, not necessary to their administration.

2. It being shown to the satisfaction of the court that the property in Alabama known as the warehouse has consistently been in the possession of the partnership and the debtors in this case, and within this court's jurisdiction, IT IS DECLARED that this court has possession and jurisdiction of the Birmingham real estate and warehouse

al, Inc., 28 B.R. 324 (Bkrtcy S.D.N.Y.1983); *In re C.I.H., Inc.,* 28 B.R. 603 (Bkrtcy S.D.N.Y.1983); *In re Brookhaven Textiles, Inc.,* 21 B.R. 204 (Bkrtcy S.D.N.Y.1982); *In re Technical Industries, Inc.,* 21 B.R. 863 (Bkrtcy M.D.Tenn.1982); *In re Wild Oaks Utilities, Inc.,* 18 B.R. 959 (Bkrtcy S.D.N.Y.1982); *In re F & T Contractors, Inc.,* 17 B.R. 966 (Bkrtcy E.D.Mich.1982); *In re Heslar,* 16 B.R. 329 (Bkrtcy W.D.Mich.1981); *In re Remington,* 14 B.R. 496 (Bkrtcy D.N.J.1981);

*In re Kimrey,* 10 B.R. 466 (Bkrtcy M.D.N.C. 1981); *In re Unit Parts Co.,* 9 B.R. 380 (Bkrtcy W.D.Okla.1981); *In re Cole Associates, Inc.,* 7 B.R. 154 (Bkrtcy D.Utah 1980); *In re Project Oneco, Inc.,* 3 B.R. 284 (Bkrtcy D.Col.1980); *In re Jewel Terrace Corp.,* 3 B.R. 36 (Bkrtcy E.D.N. Y.1980); *In re United Merchants & Mfrs., Inc.,* 3 B.R. 286 (Bkrtcy S.D.N.Y.1980); *In re Craig Bros. Marine Ry., Inc.,* 1 B.R. 352 (Bkrtcy E.D. Va.1979).

property with the right of full administration thereof as well as all assets of the corporation.

3. The petitions to turn over all other property or assets of the estate in the possession of the representatives of the estate of Robert L. Lewis, deceased, is DENIED, except as herein above provided.

4. The debtors and their attorneys are granted leave and directed to proceed in the Mississippi Chancery Court for the full enforcement of all claims or rights asserted, and with full power to litigate questions of title or right of possession in that court and the authority to file claims against the estate.

A copy of this Order shall be filed in both cases pending in this court.