In re John L. WICECARVER, Debtor.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,

v.

Darrel DERRYBERRY, in his capacity as personal representative of the Estate of L.O. Wicecarver, Helen J. Johns, John L. Wicecarver, Defendants.

Bankruptcy No. 84–20851–7.
Adv. No. 89–0014.

United States Bankruptcy Court,
D. Kansas.

Feb. 20, 1990.

John L. Wicecarver, Leawood, Kan., pro se.

David L. Skidgel, of McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for plaintiff.

Dennis R. Dow and P. Anthony Salveter, of Shook, Hardy & Bacon, Kansas City, Mo., Richard H. Page, of Shook, Hardy & Bacon, Overland Park, Kan., for defendant Derryberry.

Mendel Small and Scott J. Goldstein, of Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendant Johns.

Carl R. Clark, of Lentz & Clark, Overland Park, Kan., trustee.

MEMORANDUM OPINION
AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on for hearing before the Court on January 23, 1990, pursuant to

Defendant Darrel Derryberry's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment; Defendant Helen J. Johns' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment; and Plaintiff's Motion for Leave to File Second Amended Complaint. The plaintiff, Federal Deposit Insurance Corporation appeared by and through its attorney, David L. Skidgel of the law firm of McAnany, Van Cleave & Phillips, P.A. The defendant, Darrel Derryberry appeared by and through his attorneys, Dennis R. Dow and P. Anthony Salveter, of the law firm of Shook, Hardy & Bacon. The co-defendant, Helen J. Johns, appeared by and through her attorney, Mendel Small, of the law firm of Spencer, Fane, Britt & Browne. The defendant debtor, John L. Wicecarver appeared pro se.

### FINDINGS OF FACT

Based upon the pleadings and the record, this Court finds as follows:

1. That on September 26, 1984, the debtor, John L. Wicecarver (hereinafter "debtor") filed a Chapter 11 bankruptcy petition with this Court.

2. That prior to filing bankruptcy, the debtor executed a series of seven promissory notes in favor of L.O. Wicecarver as follows:

   1. Promissory note of December 20, 1972, in the sum of $12,500.00, executed by John L. Wicecarver and payable to L.O. Wicecarver or O.M. Wicecarver.

   2. Promissory note of February 28, 1973, in the sum of $2,467.44 and executed by John L. Wicecarver and Betty J. Wicecarver, and payable to L.O. Wicecarver and/or O.M. Wicecarver.

   3. Promissory note of March 16, 1973, in the sum of $4,000.00 and executed by John L. Wicecarver and Betty J. Wicecarver in favor of L.O. Wicecarver or O.M. Wicecarver.

   4. Promissory note of January 16, 1975, in the sum of $3,800.00, executed by John L. Wicecarver and Betty Joan Wicecarver and payable to O.M. Wicecarver and/or L.O. Wicecarver.

   5. Promissory note of October 23, 1975, in the sum of $12,300.00, executed by John L. Wicecarver and Betty J. Wicecarver in favor of L.O. Wicecarver and Ora Wicecarver.

   6. Promissory note of February 28, 1978, in the sum of $5,279.83, executed by John L. Wicecarver and Betty Joan Wicecarver and payable to L.O. or Ora M. Wicecarver.

   7. Promissory note of November 11, 1982, in the sum of $215,053.30, executed by John L. Wicecarver and Betty J. Wicecarver, with the payee not being designated.

3. That debtor did not list L.O. Wicecarver or O.M. Wicecarver as creditors in the original schedules filed herein.

4. That on or about November 21, 1985, L.O. Wicecarver died with Letters Testamentary being issued to Darrel Derryberry on or about February 11, 1986.

5. That on January 10, 1986, debtor amended his Schedule A-2 to list the seventh promissory note in the amount of $215,053.30 as this indebtedness had been secured by a deed of trust.

6. That on March 5, 1986, Darrel Derryberry, (hereinafter "Derryberry"), in his capacity as personal representative for the Estate of L.O. Wicecarver, filed 6 proofs of claim in the debtor's bankruptcy proceeding. The omitted claim was the seventh promissory note in the amount of $215,053.30 executed by John L. Wicecarver and Betty J. Wicecarver, with the payee not being designated.

7. That on March 25, 1987, the debtor voluntarily converted his Chapter 11 case to a Chapter 7.

8. That Federal Deposit Insurance Corporation (hereinafter "FDIC") is a corporation organized and existing under the laws of the United States of America.

9. That on December 7, 1987, FDIC, acting as receiver of the Belle Bland Bank, filed its Complaint to Determine Dischargeability of the debt it held against debtor in the amount of $170,000.00, plus interest,

pursuant to a judgment against debtor that was rendered in the United States District Court for the Eastern District of Missouri.

10. That on April 20, 1988, the debtor received his discharge under Chapter 7 of Title 11 United States Code.

11. That on June 19, 1988, Darrel Derryberry, acting in his capacity as personal representative of the Estate of L.O. Wicecarver (the debtor's father), caused to be filed a Petition to Construe Will and Motion to Determine the Distributees and Possible Rights of the Estate to Offset Distributee's Share in the Estate, along with a Petition for Determination of Title and Right of Possession of Bank Stock with the Circuit Court of Dunkin County, Missouri, Probate Division.

12. That on August 4, 1988, after conducting a hearing on the adversary action between FDIC and the debtor on July 1, 1988, this Court entered its Journal Entry of Judgment whereby this Court found that the debtor's indebtedness to the FDIC in the principal sum of $170,000.00 with interest thereon at the rate of 9.09% per annum after February 12, 1985, was excepted from discharge under the provisions of 11 U.S.C. § 523(a)(4).

13. That on January 26, 1989, the Probate Division of the Circuit Court of Dunkin County, Missouri heard the parties motions with regards to the Estate's right of offset.

14. That on February 9, 1989, the FDIC filed this adversary proceeding based on its Complaint for Declaratory Judgment and Injunctive Relief against only defendant Darrel Derryberry, acting in his capacity as personal representative of the estate of L.O. Wicecarver.

15. That defendant Helen J. Johns is a potential distributee of the Estate of L.O. Wicecarver.

16. That on May 31, 1989, Helen J. Johns, (hereinafter "Johns") acting as an Intervenor in this adversary, filed her Motion to Intervene and to Join Person Needed for Just Adjudication and For Leave to File an Answer with this Court. In her motion, Ms. Johns also sought to have the debtor joined as a party of interest in this adversary.

17. That defendant debtor, John L. Wicecarver is a potential distributee of the Estate of L.O. Wicecarver.

18. That on June 15, 1989, the Probate Division of the Circuit Court of Dunkin County, Missouri rendered its decision based on Derryberry's motions. The Probate Court made the following findings (which this Court takes judicial notice of):

a. That the sole distributees under the terms and provisions of the Last Will and Testament of L.O. Wicecarver are John L. Wicecarver and Helen J. Johns.

b. That the Estate of L.O. Wicecarver is entitled to an offset against the distributable share of John L. Wicecarver in the amount of $285,812.09, together with accrued interest and collection expenses.[1]

19. That on July 5, 1989, this Court permitted Helen J. Johns to intervene pursuant to stipulation of the parties, and further allowed the debtor to be included in this action as a permissive joinder.

20. That on July 6, 1989, this Court signed the Order Approving the Stipulation between the parties.

21. That on August 8, 1989, FDIC filed its Motion to Amend Complaint. On August 18, 1989, this Court held an expedited hearing, and the motion was sustained.

22. That on November 28, 1989, the FDIC filed its Motion For Leave to File Second Amended Complaint.

23. That on January 23, 1990, a hearing was held on the various motions to dismiss and the motion for allowance of FDIC's second amended complaint.

---

1. The parties to the Probate action in Missouri were Darrel Derryberry, in his capacity as personal representative of the Estate of L.O. Wicecarver, (the following were issued summons and notice to the proceedings): Helen J. Johns, John L. Wicecarver; Carl Clark, Trustee of debtor's bankruptcy and to Jerald R. Long at that time the attorney for the debtor in the bankruptcy proceedings.

24. That after hearing the arguments of counsel, this Court took these matters under advisement.

## CONCLUSIONS OF LAW

■ Title 28 of the United States Code, § 1334(c)(1) states in pertinent part as follows with regard to abstention:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Thus, Congress has given the district court and the bankruptcy court the right to use discretionary abstention which can be invoked when the court sees fit to do so. However, "discretionary abstention" is an "extraordinary and narrow exception" to the bankruptcy court's primary role of adjudicating issues that are presently before it. *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959); *In re Marrs*, 36 B.R. 22 (Bankr.M.D.Tenn.1983) ("Abstention is the exception and not the rule." Moreover, abstention "should be determined by examining the circumstances of each case." *Id.* at 23).

■ Bankruptcy judges must look at several factors to determine if they should invoke discretionary abstention: (1) the interests of justice; (2) the interest of comity with the state court; and (3) respect for state law. *In re Muir*, 107 B.R. 13, 17 (Bankr.E.D.N.Y.1989); *In re Verrazano Holding Corp.*, 86 B.R. 755 (Bankr.E.D.N.Y.1988) (abstention is "warranted in the interest of judicial economy, interest of comity with state courts, and respect for state law." *Id.* at 764).

■ In the case at bar, this Court finds that it would be in the best interest of the estate and in the interest of justice to invoke this Court's discretionary abstention power in this adversary proceeding. This Court further finds that the bankruptcy estate will receive none of the proceeds at issue here regardless of the result of the case. *In re Futura Indus., Inc.*, 69 B.R. 831, 835 (Bankr.E.D.Pa.1987) ("[t]he degree to which the related proceeding is related to the bankruptcy case, as a practical matter, will doubtless be an important factor in the decision whether to abstain.") (citing *In re Salem Mortgage Co.*, 783 F.2d 626, 635 (6th Cir.1986)).

In addition, the Probate Division of Dunkin County, Missouri has already decided that the Estate of L.O. Wicecarver may offset the monies that were to be received by the debtor as his distributable share. *Matter of Bob Lee Beauty Supply Co., Inc.*, 56 B.R. 17 (Bankr.N.D.Ala.1985) (This case involved a complaint filed by the debtor partnership against the administratrices of the estate of a deceased partner. The complaint sought to recover assets, property and records due the debtor. *Id.*) ("This Court finds that this matter is one in which the bankruptcy court should not interfere or attempt to take jurisdiction over the estate property being administered by the Chancery Court of Forrest County, Mississippi, and it is a case in which abstention is clearly indicated." *Id.* at 19). After reviewing the Court's Exhibit One (the Judgment of the Probate Court) this Court further finds that the decision of the Missouri Probate Court ordered distribution of the assets of the Estate of L.O. Wicecarver and that said decision was a final judgment.

This Court finds that out of respect for the Missouri state law it should abstain from this case. *In re Illinois–California Exp., Inc.*, 50 B.R. 232 (Bankr.D.Colo.1985) ("The decision to abstain is reinforced by the interest promoted by exercising respect for state law." *Id.* at 241); *In re Williams*, 88 B.R. 187 (Bankr.N.D.Ill.1988) ("This Court believes that in the interests of comity the resolution of this issue is best left to the Illinois state courts to decide." *Id.* at 190). Furthermore, it would serve no purpose for this case to be litigated on two fronts as the Missouri Probate Court has already made its final decision. *In re Verrazano Holding Corp.*, 86 B.R. 755 (Bankr. E.D.N.Y.1988) (discretionary abstention must be considered in regards to "concerns of case administration and judicial economy.... [I]t is further appropriate where

... the issues can be timely adjudicated in state court." *Id.* at 763); *In re Titan Energy, Inc.*, 837 F.2d 325 (8th Cir.1988) ("Where the state court proceeding sounds in state law and bears a limited connection with the bankruptcy case, abstention is particularly compelling." *Id.* at 332).

As this Court has stated in its findings of fact, the personal representative of the Estate of L.O. Wicecarver filed his Petition to Construe Will and Motion to Determine the Distributees and Possible Rights of the Estate to Offset Distributee's Share in the Estate, in the Probate Division of the Circuit Court of Dunkin County, Missouri. All the parties to this adversary proceeding were given notice of the probate proceeding in Missouri. More importantly, the FDIC was specifically given notice of the probate proceeding. *See* FDIC's Original Complaint for Declaratory Judgment and Injunctive Relief at 6. Yet, FDIC chose not to intervene in the state probate proceeding, but, rather decided to pursue the matter (with basically the same issues) by filing an adversary proceeding in this Court. This Court will not allow parties to "forum shop" until they get the court or the result they desire. *In re Ionosphere Clubs, Inc.*, 108 B.R. 951 (Bankr.S.D.N.Y. 1989) (One of the factors a Bankruptcy Court should consider when faced with the issue of discretionary abstention is "the likelihood that the commencement of the proceeding in the bankruptcy court involves forum shopping by one of the parties." *Id.* at 954); *Matter of Foster*, 105 B.R. 746, 750 (Bankr.M.D.Ga.1989); *In re Shelly's Inc.*, 97 B.R. 370, 372 (Bankr.S.D. Ohio 1989).

The second issue before the Court is plaintiff FDIC's Motion for Leave to File Second Amended Complaint. Rule 15(a) of the Federal Rules of Civil Procedure states that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

This Court finds that the adversary proceeding herein has been going on since February 9, 1989. This Court is aware that the counsel for plaintiff has changed since that original filing but plaintiff's present counsel has been a part of this adversary proceeding since September 21, 1989. Moreover, the plaintiff has already been allowed one amended complaint on August 18, 1989. Now, plaintiff, FDIC, wishes to add contempt charges and injunctive relief to his amended complaint. However, this motion for a second amended complaint was not filed until November 28, 1989— nine months after the original complaint was filed.

Based on the foregoing, this Court finds that the plaintiff's Motion for Leave to File Second Amended Complaint is denied. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (Leave to file an amended pleading under Rule 15(a) should be given unless there is an "absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment ..." *Id.* at 182, 83 S.Ct. at 230).

IT IS, THEREFORE, BY THE COURT, ORDERED That defendant, Darrel Derryberry's Motion to Dismiss or for Summary Judgment is SUSTAINED based upon this Court's finding that it will abstain from hearing this matter. (28 U.S.C. § 1334(c)(1)).

IT IS FURTHER, BY THE COURT, ORDERED That plaintiff, FDIC's Motion for Leave to File Second Amended Complaint is DENIED.

This Memorandum Opinion and Order shall constitute my findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.