**In re TARKIO COLLEGE, Debtor.**

**TARKIO COLLEGE, Plaintiff,**

v.

**Marie BOWER, not personally but as Executrix for the Estate of Mabel Campbell Mason, Defendant.**

No. 92–MC–9001–SJ–8.
Bankruptcy No. 91–50261–SJ–11.
Adv. No. 91–5039–SJ–11.

United States District Court,
W.D. Missouri.

Feb. 18, 1992.

Michael F. Flanagan, Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., for plaintiff and debtor.

Norman E. Beal, Hillix, Brewer, Hoffhaus, Whittaker & Wright, Kansas City, Mo., for defendant.

ORDER ACCEPTING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT MOTION OF MARIE BOWER TO ABSTAIN FROM EXERCISING JURISDICTION BE SUSTAINED

STEVENS, District Judge.

This is an adversary action in which a Chapter 11 debtor seeks turnover from Marie Bower, as executrix, of a portion of the residuary estate of Mabel Campbell Mason. On January 17, 1992, the Bankruptcy Court entered its Memorandum Opinion and Proposed Findings of Fact and Conclusions of Law. The Bankruptcy Court recommended that this Court abstain from hearing the proceeding, so that the estate can be fully administered in Iowa. A copy of such Opinion from the Bankruptcy Court is attached hereto.

Rule 9033 of the Bankruptcy Rules provides in part that a party may serve and file with the Clerk written objections to proposed findings of facts and conclusions of law within ten days after service. Thereafter, the District Judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the Bankruptcy Judge with instructions. Having reviewed the record, this Court finds that the proposed findings of fact and con-

clusions of law should be accepted. It is, therefore,

ORDERED that the motion of Marie Bower to abstain from exercising jurisdiction, pursuant to 28 U.S.C. § 1334, should be, and hereby is, SUSTAINED.

MEMORANDUM OPINION AND PRO-POSED FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT MO-TION OF MARIE BOWER TO AB-STAIN FROM EXERCISING JURIS-DICTION BE SUSTAINED

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Tarkio College is a Chapter 11 debtor which is no longer in operation, and which has filed a Plan of Liquidation with this Court. The College is named as residuary beneficiary in the Will of Mabel Campbell Mason, a former faculty member of the College who at the time of her death resided in the State of Iowa. Defendant Marie Bower serves as Executrix of the Mabel Campbell Mason estate, which is currently pending in the Iowa District Court for Blackhawk County, Probate Division. This adversary action was initiated by the debtor, in its bankruptcy proceeding, seeking turnover from the Executrix of a portion of the residuary estate. Thereafter, Ms. Bower filed a motion, pursuant to 28 U.S.C. § 1334, asking that the District Court abstain from hearing this proceeding, so that the probate estate can be fully administered in Iowa. Ms. Bower also asks the Court to lift the automatic stay, pursuant to § 362 of the Bankruptcy Code, 11 U.S.C. § 362, to allow her to file a declaratory judgment action in the Iowa probate proceeding, so as to determine whether Tarkio College, or someone else, is entitled to the residuary estate.

This is a non-core proceeding. *Cf. In re Lee Way Holding Co.*, 104 B.R. 881 (Bankr.S.D.Ohio 1989). For reasons which will be explained, I recommend that the District Court abstain from hearing this proceeding. In the event the District Court agrees with such recommendation, I intend to lift the automatic stay to allow Ms. Bower to file an appropriate action in the Iowa District Court for Blackhawk County, Probate Division.

■ The ultimate determination to be made in this case involves interpretation of a Will. The residuary clause of such Will provides in pertinent part as follows:

All of the rest, residue and remainder of my estate I give and devise as follows: (a) Three-fourths thereof to Tarkio College, Tarkio, Missouri, and request that it be used for scholarships for the education of young men and women, this bequest being a memorial to my beloved parents, James Y. Campbell and Alice M. Campbell.

The Executrix contends that this residuary bequest was intended to be used solely for scholarships for the education of young men and women. Since the College is now closed and its assets are being liquidated, the Executrix argues, the bequest cannot be used by the College for the intended purposes, but would instead be distributed to Tarkio's creditors. Therefore, the Executrix is uncertain as to the appropriate ultimate disposition of the residuary estate and wishes to have that determination made by the Iowa Courts.

The District Court's authority to abstain can be found at 28 U.S.C. § 1334, which provides in pertinent part as follows:

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect of State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Abstention has previously been found to be appropriate where the issues involved would, absent a bankruptcy case, be decided in a state court probate proceeding. *In re Bob Lee Beauty Supply Co., Inc.*, 56

B.R. 17 (Bankr.N.D.Ala.1985); *In re Wice-carver*, 110 B.R. 957 (Bankr.D.Kan.1990). *See also Bank of Hamburg v. Tri-State Savings & Loan Ass'n*, 69 F.2d 436 (8th Cir.1934).

▆▆▆▆ determining whether abstention is appropriate under 28 U.S.C. § 1334(c)(1), the more relevant factors which the courts consider include the following:

(1) Whether the issues involve difficult or unsettled issues of state law.

(2) The extent to which state law issues predominate.

(3) The effect of abstention on the efficient administration of the bankruptcy proceedings.

(4) The presence of a commenced state law action in which the matter may be determined.

(5) The degree of relatedness to the main bankruptcy proceeding.

(6) The burden on the bankruptcy court's docket.

(7) The likelihood that one of the parties is forum shopping.

(8) The presence or necessity in the proceedings of non-debtor parties.

*See eg. In re Rusty Jones, Inc.*, 124 B.R. 774, 779–80 (Bankr.N.D.Ill.1991); *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 494 (E.D.La.1990); *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr.S.D.Tex.1987).

As to the first factor, whether the issues involve difficult or unsettled issues of state law, the primary issue to be decided in this case is whether the language used in the Will was intended by the Decedent to be mandatory, rather than precatory. At least one Iowa court has found that the word "request" when taken in context may be mandatory. *See In re Estate of Hansen*, 264 N.W.2d 746, 749 (Iowa 1978). Furthermore, in the event the Iowa court were to find that the language of the Will is mandatory, the Iowa *cy pres* doctrine may apply. That doctrine is a rule of judicial construction in equity designed to aid the court in carrying out the intentions of the donor "as nearly may be," essentially allowing for the designation of a substitute beneficiary with a similar charitable purpose. *Simmons v. Parsons College*, 256 N.W.2d 225, 227 (Iowa 1977).

The second factor is the extent to which state law issues predominate. The issues involved here are to be wholly determined based upon Iowa state law. Therefore, the first two factors weigh in favor of abstention.

The next factor is the effect of abstention on the efficient administration of the bankruptcy proceeding. There would be little or no such effect on the administration of the Tarkio case. It appears that in either the bankruptcy court or the Iowa probate court a trial could be conducted on this matter within 90 days. However, the specific relief requested by Tarkio is that the Executrix be directed to turn over property "when the Mason Estate is distributed." Due to the pendency of a federal estate tax return audit, such probate estate will in all probability not be distributed for at least a year. Therefore, adjudication of this matter in the bankruptcy court will not in any way contribute to the efficient administration of the bankruptcy estate, and will not allow any monies due the bankruptcy estate to be paid to it anytime sooner.

The next element is the presence of a commenced state law action in which the matter may be determined. As pointed out by Tarkio, there is no specific action pending in Iowa dealing with interpretation of the residuary clause. That is no doubt due at least in part to the fact that the filing of any such action is at this time prohibited by the automatic stay in Tarkio's bankruptcy proceeding. However, there is pending in the Iowa probate court an estate involving the same Will. The probate court in that proceeding is required to interpret such Will and order distribution of the estate pursuant to its provisions. Therefore, I find that there is present a commenced state law action in which the matters at issue here may be determined.

The next factor is the degree of relatedness of this action to the main bankruptcy proceeding. As indicated, the main bankruptcy is a liquidating Chapter 11. The

debtor has proposed a Plan which contemplates that its assets be sold by a date certain, and that any assets not sold by such date be put up for public auction. That Plan, if it is confirmed, can proceed irrespective of the outcome of this Will contest. In fact, as previously indicated, the Plan as filed contemplates a complete liquidation of the debtor's assets well in advance of the date on which beneficiaries of the Mason estate can reasonably expect to receive their bequest from such estate. Counsel for the debtor contends that the residuary estate involved could be in the range of $200–$450,000.00, and that it therefore could represent a substantial portion of the assets of the debtor's estate. That may be true, but that fact alone does not give this Will contest proceeding any greater degree of relatedness to the main bankruptcy proceeding than it otherwise deserves.

The next two factors to consider are the burden on the bankruptcy court's docket, and the likelihood that one of the parties is forum shopping. I find that neither of these factors is significant to the outcome of this motion.

The final factor to consider is the presence or necessity in the proceeding of non-debtor parties. As movant points out, other potentially necessary parties include the intestate legatees of the decedent, other educational institutions interested in the application of the Iowa *cy pres* doctrine, and the Iowa attorney general (*See,* Iowa Probate Code Section 633.43). The Iowa court is likely to be the most convenient venue for such parties.

For the above reasons, the Bankruptcy Court recommends to the District Court, pursuant to Fed.R.Bankr.P. 9033(a), that the motion of Marie Bower to abstain from exercising jurisdiction be sustained. In the event such recommendation is adopted by the District Court, the Bankruptcy Court will thereafter issue its Order granting relief from the automatic stay as requested by Marie Bower.