**In re Timothy A. DENNIS, Debtor.**

**Bankruptcy No. 96–20351M.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

Sept. 8, 1997.

James C. Luker, Wynne, AR, for Debtor.

W. Frank Morledge, Forrest City, AR, for Patricia Chapman.

David D. Coop, Little Rock, AR, Trustee.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

This matter is before the Court upon the motion of Timothy A. Dennis ("Debtor") to avoid a judicial lien in the Debtor's interest in real property that is his residence and that he claims as exempt pursuant to 11 U.S.C. § 522(d)(1). The lien which the Debtor seeks to avoid is in favor of the Estate of Amy Glim Dennis, Deceased.[1]

After a hearing on the Debtor's motion on May 15, 1997, the Court took the matter under advisement.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K), and the Court has jurisdiction to enter a final judgment in the case.

## I

### FACTS

The events relevant to the issues in this case took place before the Debtor filed his voluntary petition in bankruptcy on December 10, 1996. In 1984, the Debtor purchased in his own name as an unmarried person a forty-acre tract of real property where he initially resided in a mobile home. The real property, located in St. Francis County, Ar-

kansas, is described as Lot 19, C.E. Cotton Subdivision, Number 5. The tract includes ten acres of cleared land and a dwelling, with the remaining acreage comprising woods and pasture.

The Debtor married Amy Glim Dennis on November 26, 1989, and the couple constructed a permanent dwelling on the real property through their joint efforts. In October, 1992, fire destroyed the dwelling and the couple lived in a camping trailer during reconstruction. On December 24, 1992, they moved back into the rebuilt house.

On or about January 10, 1993, the Debtor forced Amy Dennis to leave the family residence. After the parties' separation, the Debtor remained in possession of the house and land in question. Amy Dennis filed a complaint for divorce on January 13, 1993, in the Chancery Court of St. Francis County, Arkansas.

The Chancellor issued a Memorandum on January 4, 1994, finding that the Debtor, using his own insurance agency, had insured the destroyed home and contents with a policy with his name as the only named insured without consulting his spouse. Further, the Chancellor found that as a result of the fire, the Debtor had received insurance proceeds consisting of $75,000.00 for the dwelling and $37,500.00 for personal property. The Chancellor concluded that the insurance proceeds and the reconstructed dwelling and its contents were marital property. The Chancellor awarded each party one-half interest in the marital property and gave the Debtor the option of buying Amy Dennis' one-half of the appraised value of the house and contents.

The Chancellor ordered the Debtor to inform Amy Dennis of his intent to exercise this option within 30 days and to commence arrangements to exercise the option within 10 days thereafter. All other sums due to Amy Dennis from the Debtor were also to be paid on the same date she received her half of the marital property. The court ordered that if the Debtor did not exercise his option, the house and contents were to be sold.

---

1. The Debtor values the real property in the sum of $90,000.00 and the value of his exemption at $6,180.32. The Estate of Amy Glim Dennis has been awarded a one-half interest in a portion of the real property in question.

On February 8, 1994, the Debtor and Amy Dennis were divorced by Order of the Chancery Court of St. Francis County, Arkansas. The court reserved its ruling on other issues concerning property settlement.

In a Supplemental Decree filed June 16, 1995, the Chancellor found that the Debtor had not informed Amy Dennis of his intent to exercise his option and that he had declined to have the property appraised or pay Amy Dennis for her half of the property. The Chancellor, therefore, ordered the marital home, curtilage, easement and contents to be sold at public auction with proceeds, less sale expenses, divided equally between the Debtor and Amy Dennis.

With regard to the insurance proceeds, the Chancellor gave judgment to Amy Dennis against the Debtor for $16,550.00. This sum represented one-half the contents insurance of $18,750.00 less $2,200.00 deducted for monies and assets previously received by Amy Dennis.

The Chancellor addressed the issue of the Debtor's continued use of the marital home and its contents after the divorce by requiring the Debtor to pay Amy Dennis rent of $137.50 per month beginning January 1994, until the property was sold.

On May 21, 1996, Amy Dennis died and by Order entered August 8, 1996, the Judgments against the Defendant previously described were revived in the name of Patricia Chapman, Administratrix of the Estate of Amy Glim Dennis, Deceased.

On December 10, 1996, the Debtor filed a voluntary petition for relief under the provisions of Chapter 13 of Title 11 of the United States Bankruptcy Code. At the time of filing, the Debtor still occupied the house, which had not been sold despite the Chancellor's previous orders, and he owed arrearages for rent and attorney's fees to the decedent's estate.

When he filed his schedules December 27, 1996, the Debtor claimed $6,180.32 of the value of the real estate in question as his exempt homestead pursuant to 11 U.S.C.

§ 522(d)(1).[2] No objection to the claim of homestead was filed within the time prescribed by Federal Rule of Bankruptcy Procedure 4003(b).

The Debtor's plan proposes that the Debtor will retain the real property previously ordered sold and avoid the lien of Patricia Chapman pursuant to 11 U.S.C. § 522(f). The narrative statement of the plan does not list the Estate of Amy Glim Dennis as a secured creditor and does not acknowledge the Estate's ownership of one-half interest in the real property. The plan proposes payments of $650.00 per month for 36 months with pro-rata payments to unsecured creditors. The schedules list Patricia Chapman as holder of three secured claims.

The complaint to avoid lien seeks to avoid the lien created by the Judgment entered June 16, 1995.

II

## DISCUSSION

Subject to certain exceptions not present in this case, a debtor may avoid the fixing of a judicial lien on an interest of the debtor in exempt property to the extent that the lien impairs the exemption. 11 U.S.C. § 522(f)(1)(A)(1994). The Debtor claims an exemption of $6,180.32 of the value of the residence in question.

Although neither party raises the issue, the Court is obliged to consider *sua sponte* whether permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) is appropriate in this case. *Carver v. Carver*, 954 F.2d 1573, 1579 (11th Cir.1992). Bankruptcy courts may exercise discretion in abstaining from hearing a particular proceeding on core or non-core matters "in the interest of justice, or in the interest of comity with State courts or respect for State law...." 28 U.S.C. § 1334(c)(1)(1994). Abstention is an " 'extraordinary and narrow exception to' the federal court's duty to adjudicate a controversy properly before it." *Eastern Air Lines, Inc. v. International Assoc. Of Ma-*

---

**2.** It is unclear whether the Debtor's claim for $6180.32 of the value of the homestead is also a claim to a right to possession as against the co-owner of the property, which is the estate of Amy Dennis.

*chinists & Aerospace Workers (In re Ionosphere Clubs, Inc.)*, 108 B.R. 951, 954 (Bankr. S.D.N.Y.1989) quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1062–63, 3 L.Ed.2d 1163 (1959).

■ A multitude of factors guide courts considering permissive abstention. Some of the factors cited by courts include: (1) The effect of abstention on the efficient administration of the bankruptcy estate, (2) the predominance of state law issues, (3) whether litigation on issues before the bankruptcy court has already commenced in a state court proceeding, (4) whether the applicable law is complex or unsettled, (6) the degree to which the proceeding is related to the bankruptcy case, (7) the feasibility of severing the state law claims from the core matters, (8) the burden on the bankruptcy court's docket, and (9) the presence of nondebtor parties in the proceeding. *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir.1993); *Christensen v. Tucson Estates Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1169 (9th Cir.1990); *St. Vincent's Hosp. v. Norrell (In re Norrell)*, 198 B.R. 987, 995–96 (Bankr.N.D.Ala.1996); *Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc., (In re Republic Reader's Serv. Inc.)*, 81 B.R. 422, 429 (Bankr.S.D.Texas 1987).

■ Generally, courts of the United States follow the traditional notion that domestic relations issues can be best resolved in state court. *In re French*, 139 B.R. 476, 482 (Bankr.D.S.D.1992) citing *In re El-Amin*, 126 B.R. 855, 858 (Bankr.E.D.Va.1991). Permissive abstention by the bankruptcy court is appropriate to allow state courts to adjudicate domestic relations issues. *See, e.g., Siragusa v. Siragusa (In re Siragusa)*, 27 F.3d 406, 408 (9th Cir.1994) (approving abstention to allow state court to adjust alimony payments to compensate debtor's former spouse for loss of property settlement discharged in bankruptcy); *Carver v. Carver*, 954 F.2d 1573, 1580 (11th Cir.1992) (holding that bankruptcy court should have abstained from hearing violation of automatic stay action where violation involved enforcement of debtor's divorce decree obligation). As an alter-

nate method of dealing with domestic relations issues, bankruptcy courts frequently grant relief from the automatic stay to allow state courts to decide pending litigation and enforce orders. *See, e.g., Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 347 (4th Cir.1992)(affirming bankruptcy court's lifting of automatic stay so that state court could enter equitable distribution judgment in divorce proceeding); *In re White*, 851 F.2d 170, 174 (6th Cir.1988)(affirming bankruptcy court's decision to lift the automatic stay to permit divorce court to determine the interests of the debtor and nondebtor spouse in marital assets).

■ Abstention and relief from the automatic stay are thus acceptable methods of dealing with domestic relations issues arising in bankruptcy. From the guidelines cited above, factors dispositive of whether to abstain from deciding the merits of the Debtor's motion to avoid lien include the predominance of state law issues and the fact that litigation of these issues has already commenced in a state court proceeding.

The state of the title to the property in question is a matter of state law; therefore, state law issues predominate. Further, these issues have been litigated in state court, although their final resolution has yet to be determined because the bankruptcy filing interrupted the orderly progression of events.

An additional factor influencing the decision to abstain is that the motion to avoid lien does not act to promote goals of Title 11 in the present context; rather, it seeks to impermissibly interfere with the domestic relations proceedings in state court. The Debtor has combatively engaged in a complicated domestic relations action over a period of four years involving issues of contempt and division of marital property in the Chancery Court of St. Francis County, Arkansas. The State proceeding has already become more complex by the accidental death of the Debtor's former spouse. The property where the Debtor resides has been ordered sold and the proceeds divided according to a previous decision of the chancery court.

In this context the Debtor appeals to this court of equity for relief under Chapter 13, even as he seeks, by his motion to avoid lien, to undo the Chancellor's Order to equitably divide the marital property according to Arkansas law and to correct the wrong committed by the Debtor against his deceased former spouse. The Eleventh Circuit, in a similar case, observed that abstention may be appropriate when the Debtor is using the Bankruptcy Court, "as a weapon in an ongoing dispute ..." in a domestic relations action. *Carver v. Carver*, 954 F.2d 1573, 1580 (11th Cir.1992). In the interest of comity and respect for state law, the Court will not allow the Debtor's bankruptcy inserted *in medias res* to impede the enforcement of the Chancellor's orders.

For these reasons, the Court abstains from considering the merits of the Debtor's motion to avoid the judicial lien that impairs exempt property, and the motion is dismissed. The automatic stay pursuant to 11 U.S.C. § 362 is relaxed to permit the Chancery Court of St. Francis County, Arkansas, to adjudicate all issues of property and contempt against the Debtor, including division and sale of real and personal property of the estate arising out of or related to the divorce proceeding in St. Francis County Case No. E–93–48. Once the properties have been sold, the Debtor may file a Chapter 13 plan to deal with unsatisfied liabilities created by the divorce proceedings.

IT IS SO ORDERED.